REQUESTED BY: Senator Vard R. Johnson Nebraska State Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Johnson:
You have asked whether section 3(2) of Senator Warner's proposed amendments to LB 506 would allow the Director of Health to fund a program that would allow Eppley Institute to become an agent for an Investigational New Drug Application for cancer treatment. We have concluded it would not.
Section 3(2) of Senator Warner's proposed amendment beginning at page 1510 of the Legislative Journal for April 16, 1981, provides: `The director shall adopt and promulgate rules and regulations pursuant to Chapter 84, article 9 to: . . . (2) Establish criteria for programs in order to receive funding.'
Section 1 defines director as the Director of Health. Section 2 provides for the appropriation of the certain cigarette tax funds to the Department of Health, less any amount of those funds specifically appropriated to the University of Nebraska Eppley Institute for Research in Cancer and Allied Diseases. The balance of those cigarette tax funds, less expenses of administration, is to be distributed by the director for the purpose of research of cancer and smoking diseases through grants and contracts with postsecondary institutions having colleges of medicine in the State of Nebraska.
Thus the language of section 3(2) not only seems to anticipate a direct appropriation to the Eppley Institute but also to preclude a direct grant by the Director of Health to the Eppley Institute rather than to the University of Nebraska. Also, we question whether the Director of Health would have any rule-making authority under section 3 because there are no standards or guidelines for the director to use in making the rules listed. Because of this section 3 appears to be an improper delegation of legislative authority.
Sincerely yours, PAUL L. DOUGLAS Attorney General Marilyn B. Hutchinson Assistant Attorney General